AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Information associated with the e-mail accounts listed in Attachment A (Subject Accounts) that are stored at premises owned, maintained, controlled, or operated by Google LLC ("GOOGLE"), a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. | ) ) ) ) ) ) ) )  Case No.  21-sw-156-NRN |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __March 3, 2021__ *(not to exceed 14 days)*

☒ in the daytime  6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Magistrate Judge N. Reid Neureiter__
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*.  ☐ until, the facts justifying, the later specific date of ___.

Date and time issued: __02/17/2021   1:00 p m__

Judge's signature: *N. Reid Neureiter*

City and state:  __Denver, CO__      Magistrate Judge N. Reid Neureiter
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                        *Executing officer's signature*

                                                        *Printed name and title*

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by **[PROVIDER]**, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of **[PROVIDER]**.  The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **[PROVIDER]**, and they were made by **[PROVIDER]** as a regular practice; and

    b.    such records were generated by **[PROVIDER'S]** electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **[PROVIDER]** in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by **[PROVIDER]**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                  Signature

# ATTACHMENT A

## Property to be Searched

Information associated with the e-mail account known as **russell.foreman@gmail.com** (hereinafter and in Attachment B "SUBJECT ACCOUNT"), which is stored at premises owned, maintained, controlled, or operated by Google LLC (hereinafter and in Attachment B "PROVIDER"), a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Google LLC ("the PROVIDER")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google LLC, regardless of whether such information is located within or outside of the United States, including any emails, messages, records, files, logs, or information that have been deleted but are still available to Google LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on November 3, 2020 and February 1, 2020, Google LLC is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a. The contents of all emails associated with the account from February 1, 2019 to February 16, 2021, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records regarding identification of the account, including names, addresses, telephone numbers, alternative e-mail addresses provided during registration, means and source of payment (including any credit card or bank account number), records of session times and durations (including IP addresses, cookies, device information, and other identifiers linked to those sessions), records of account registration (including the IP address, cookies, device information, and other identifiers linked to account registration), length of service and types of services utilized, account status, methods of connecting, and server log files;

c. The types of service utilized;

d. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e. All telephone numbers ever associated with the account, including phone numbers used for account recovery or two-factor authentication;

f. All payment information (for all services used by the account), including dates and times of payments and means and source of payment (including any credit or bank account number);

g. All device or user identifiers which have ever been linked to the account, including but not limited to all cookies and similar technologies, unique application numbers, hardware models, operating system versions, device serial numbers, Global Unique Identifiers ("GUID"), mobile network information, telephone numbers, Media Access Control ("MAC") addresses, and International Mobile Equipment Identities ("IMEI");

h. Device information, including hardware model, operating system version, unique device identifiers, and mobile network information including phone number for any device ever associated with the account;

    i. Basic subscriber records and login history (including, as described in 18 U.S.C. § 2703(c)(2), names, addresses, records of session times and durations, length of service and types of service utilized, instrument numbers or other subscriber numbers or identities, and payment information) concerning any Google account (including both current and historical accounts) ever linked to the account by a common e-mail address (such as a common recovery e-mail address), or a common telephone number, means of payment (e.g., credit card number), registration or login IP addresses (during one-week period), registration or login cookies (e.g. a "B" cookie) or similar technologies, or any other unique device or user identifier; and

    j. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The PROVIDER is hereby ordered to disclose the above information to the government within 14 calendar days of issuance of this warrant.

## II. Information to be seized by the Government

All information described above in Section I that constitute fruits, evidence and/or instrumentalities of violations of 18 United States Code §§ 287, 371, 1031, 1040, 1343, 1349, 1956(h) and 1957 (the "Target Offenses") occurring on or after March 1, 2020, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    a. Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the account about matters relating to the criminal activity under investigation, including records that help reveal their identity or whereabouts;

    b. The identity of the person(s) who created or used the email address, including records that help reveal the whereabouts of such person(s);

    c. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the Target Offenses and the account subscriber;

    d. Information about the use and transfer of items of monetary value related to the Target Offenses, such as bank accounts, access of those bank accounts through applications and wire or automated clearinghouse (ACH) transfers;

    e. Evidence identifying any co-conspirators or aiders and abettors who communicated with the account about matters relating to the Target Offenses, including records that help reveal their whereabouts;

    f. Information that constitutes evidence indicating the account user's state of mind, e.g., intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

    g. Preparatory steps taken in furtherance of the violations of the Target Offenses;

    h.  Attempts to violate the Target Offenses;

    i.  Other email accounts, remote computing storage locations, physical storage locations, and/or physical computers created, used or maintained by anyone participating in the activity described in the Affidavit; and

    j.  All other information relating to the allegations in the Affidavit, the offenses described in the Affidavit, and any issues relevant to the allegations and offenses described in the Affidavit, including but not limited to proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with respect to the conduct under investigation; all other information relating to the identification and location of additional evidence relating to any of the foregoing matters described in this attachment; and all other information relating to the use, location, ownership, transfer, and/or disposition of evidence, funds, or other assets.

**III. ORDER OF NON-DISCLOSURE AND TO KEEP ACCOUNT ACTIVE**

Pursuant to 18 U.S.C. §§ 2703(b)(1)(A) and 2705(b), the Court orders Google LLC not to disclose the existence of this search warrant to any person for a period of one year, including the subscriber, other than its personnel essential for compliance with the execution of this warrant.

The Court further orders Google LLC to continue to maintain the SUBJECT ACCOUNT in an open and active status so as not to disrupt this ongoing investigation.

**IV. PROVIDER PROCEDURES**

Google LLC shall deliver the information set forth above within calendar 14 days of the service of this warrant and Google LLC shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

    Special Agent Jared Erwin
    IRS Criminal Investigation
    1999 Broadway, 24th Floor
    Denver, CO 80202

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its

review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.