IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF Information associated with the e-mail accounts listed in Attachment A (Subject Accounts) that are stored at premises owned, maintained, controlled, or operated by Google LLC ("GOOGLE"), a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. | Case No.   21-sw-156-NRN<br><br>**Filed Under Restriction** |

## MOTION FOR ORDER TO RESTRICT CASE, FOR NON-DISCLOSURE AND FOR ORDER TO KEEP ACCOUNT ACTIVE

The United States of America, by and through Robert Brown, Assistant United States Attorney, moves the Court to enter an Order that Google LLC ("Provider") not notify the listed subscribers, customers, or any other person of the existence of the Search Warrant ("Application and Court Order"), except as necessary to comply with the Court's Order or to obtain legal advice, for a period of one year.  As part of this Motion, the United States moves to restrict the above-captioned case, this Motion, and the Court's Order at Level 3.  As grounds therefore, it submits the following:

1.  Restriction of the case and documents at Level 3 is appropriate under D.C.Colo.LCrR 47.1 for the following reasons:  1) the interests stated herein outweigh the presumption of public access; 2) clearly defined and serious injury would result if access is not restricted at Level 3, and; 3) only restricted access will adequately protect the interests in question.  The Application and Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Disclosure may cause the targets(s) to flee from prosecution, result in the destruction or tampered evidence, result in the intimidation or endangerment of potential witnesses, and/or change the target(s) pattern of behavior.  Accordingly, it is necessary

1

to maintain the secrecy of the investigation. Restricting access to the case and documents is the only practicable way to maintain the secrecy of the investigation and to adequately protect these concerns.

2. Furthermore, Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-captioned process, which requires Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

3. For the reasons stated above and pursuant to the Court's authority under Title 18, United States Code, Sections 2703(b)(1)(A) and 2705(b), the Government respectfully requests that this Court also order the Provider to whom the Application and Court Order applies is directed not to disclose the existence or content of the any of the documents in the above-named matter, as well as this Motion and the Court's Order restricting these documents, except to personnel essential to compliance with the execution of the Court's Order or to obtain legal advice. In addition, Providers will sometimes shut down accounts that are the subject of ongoing investigations once they receive warrants, court orders, or subpoenas. Even without disclosing the nature of the investigative process that it has received, if Providers take such action, they will alert the targets that an investigation is ongoing. This could result in the same consequences as outlined above. So as not to alert the target(s) of the ongoing investigation, the Government also respectfully requests that the Court order that the Provider not shut down the account or

otherwise take any adverse action against the account because of the Application and Court Order.

WHEREFORE, the United States further requests this Motion and the Court's Order be restricted at Level 3 until further order of the Court. Further, pursuant to Title 18, United States Code, Sections 2703(b)(1)(A) and 2705(b), the United States respectfully moves that the Provider be ordered not to disclose the existence or content of the Application and Court Order for a period of one year from the date of the Order, other than to its personnel essential for compliance with the Application and Court Order or for the purpose of receiving legal advice. The United States also requests that this Court order that the Provider not shut down the account or otherwise take any adverse action against the account because of its receipt of the Application and Court Order until one year from the date of the order.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*s/ Robert Brown*
By: Robert Brown
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Robert.Brown5@usdoj.gov
Attorney for the Government